IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANE AUSTIN PETERS,<br><br>                Petitioner,<br><br>    vs.<br><br>ERIC ARNOLD, Warden, California State Prison, Solano,[1]<br><br>                Respondent. | No. 2:15-cv-00586-JKS<br><br>ORDER |

        Shane Austin Peters, a state prisoner represented by counsel, filed a Petition for a Writ of Habeas Corpus with this Court pursuant to 28 U.S.C. § 2254. One of the claims raised in his Petition is that the trial court violated Peters' right to confrontation when it denied Peters' request to disclose the identities of confidential informants on whom the prosecution's gang expert relied in part.

        After the parties completed briefing in this case, the California Supreme Court decided *People v. Sanchez*, 374 P.3d 320, 327-28 (Cal. 2016), in which it held that a gang expert may testify about his general knowledge but not about case-specific facts of which he has no personal knowledge. The California Supreme Court determined that such statements violate the Confrontation Clause if the hearsay is testimonial, unless there is a showing of unavailability and the defendant had a prior opportunity for cross-examination or forfeited that right by wrongdoing. *Id.* at 324. The Court has determined that additional briefing on the impact of

---

        [1]      Eric Arnold, Warden, California State Prison, Solano, is substituted for Jeffrey A. Beard, former Secretary, California Department of Corrections and Rehabilitation. FED. R. CIV. P. 25(c); Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts; *Stanley v. Cal. Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994).

*Sanchez*, if any, on this case would be helpful. *See Casey v. Moore*, 386 F.3d 896, 907 (9th Cir. 2004) ("Although lower federal court and state court precedent may be relevant when that precedent illuminates the application of clearly established federal law as determined by the United States Supreme Court, if it does not do so, it is of no moment."). The parties should therefore address two questions: (1) Does *Sanchez* illuminate the holdings of *Crawford v. Washington*, 541 U.S. 36 (2004), and *Williams v. Taylor*, 567 U.S. 50 (2014), or modify or extend those decisions in a manner precluded by 28 U.S.C. § 2254(d)?; and (2) If *Sanchez* may be considered, it is distinguishable from the facts of this case?

      Moreover, the Court is unclear whether it has all necessary records for the complete and thorough adjudication of Peters' Confrontation Claim. The California Court of Appeal's decision on direct appeal indicates that the appellate court reviewed transcripts of two in camera hearings held in California Superior Court on Peters' motion to disclose the identities of the informants. *See People v. Peters*, Nos. A131097 & A132226, 2013 WL 56988, at *7 (Cal. Ct. App. Jan. 4, 2013). This Court has been unable to locate these sealed documents in the records Respondent has thus far provided. To perform the "independent review" of state court decisions as required in § 2254 cases, the Court finds it necessary to also review those sealed transcripts. *See Nasby v. McDaniel*, 853 F.3d 1049 (9th Cir. 2017) (district court erred in ruling on merits of petition without first requiring State to submit all relevant portions of the state record); *see also Jones v. Wood*, 114 F.3d 1002, 1008 (9th Cir. 1997) (holding that a habeas court must either obtain and review the relevant portions of the record on which the state court based its judgment, or conduct an evidentiary hearing of its own).

**IT IS THEREFORE ORDERED THAT**, by October 26, 2017, the parties are directed to submit a memorandum no greater than 15 pages in length discussing the impact, if any, of the California Supreme Court's decision in *People v. Sanchez*, 374 P.3d 320 (Cal. 2016).

**IT IS FURTHER ORDERED THAT**, by October 26, 2017, Respondent is directed to lodge with the Court the sealed transcripts of the in camera hearings or a filing that indicates where in the record the transcripts may be found.

Dated: September 26, 2017.

                                                /s/James K. Singleton, Jr.
                                                JAMES K. SINGLETON, JR.
                                                Senior United States District Judge