IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| SHANE AUSTIN PETERS, | No. 2:15-cv-00586-JKS |
|---|---|
| Petitioner, | |
| vs. | ORDER<br>[Re: Motion at Docket No. 30] |
| ERIC ARNOLD, Warden, California State Prison, Solano, | |
| Respondent. | |

This Court denied Shane Austin Peters, a state prisoner represented by counsel, habeas relief on December 7, 2017. Docket Nos. 27, 28. The Court granted a Certificate of Appealability with respect to two of Peters' claims. *Id.* Counsel for Peters timely filed a notice of appeal on December 12, 2017. At Docket No. 30, Peters also moves the Court for an order permitting him to proceed on appeal *in forma pauperis* and for an order appointing his retained counsel, who represented him in this Court, as appointed counsel for purposes of the appeal. Docket No. 30.

Parties filing actions, including appeals to the Ninth Circuit, are required to pay a filing fee. *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999); 28 U.S.C. § 1913; Fed. R. App. P. 3(e). An action may proceed, however, despite failure to pay the filing fee if the party is granted an *in forma pauperis* ("IFP") status. *Rodriguez*, 169 F.3d at 1177. The Court may grant IFP status to any prisoner who demonstrates that he is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a). In the present case, after reviewing Peters' motion and the Financial Affidavit counsel submitted on his behalf, Docket No. 31, the Court finds Peters has made a sufficient showing of inability to pay the required filing fees.

Grant of IFP status by itself, however, does not entitle Peters to appointment of counsel. There is no constitutional right to counsel in federal habeas proceedings. *See Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) (citing *Coleman v. Thompson*, 501 U.S. 722, 756-57 (1991)). This Court may under the Criminal Justice Act appoint counsel in this case if it determines that the interests of justice so require. 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B); *see Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) ("In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved."). Because of the complexity and merits of the claims on which the Court has granted a Certificate of Appealability, this Court determines that the appointment of counsel is warranted. And because Peters' counsel of record in this Court is familiar with this case, the Court agrees that appointment of current counsel is also warranted.

**IT IS THEREFORE ORDERED THAT** Peters' request at Docket No. 30 for leave to proceed *in forma pauperis* on appeal is **GRANTED**.

**IT IS FURTHER ORDERED THAT** the Court appoints Richard V. Myers to represent Peters on appeal.

Dated: December 19, 2017.

                                                         /s/James K. Singleton, Jr.
                                                         JAMES K. SINGLETON, JR.
                                                         Senior United States District Judge